UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-24286-CIV-ALTONAGA

**EMPRYSS JANYA HUNT**,

    Plaintiff,
v.

**WORLD FAMOUS PUPPUS, INC.**; *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiff, Empryss Janya Hunt's Application to Proceed in District Court without Prepaying Fees or Costs [ECF No. 3], which the Court construes as a Motion for Leave to Proceed *in Forma Pauperis*; and on the Court's *sua sponte* review of Plaintiff's Complaint [ECF No. 1]. The Complaint alleges that Defendants, World Famous Puppies, Inc. and American First Finance Inc., sold Plaintiff a sick puppy that died shortly after she purchased it. (*See generally id.*). For the following reasons, Plaintiff's Motion is denied, and her Complaint is dismissed.

**I.**    **Motion for Leave to Proceed** *in Forma Pauperis*

Plaintiff's Motion is lacking. Plaintiff states she has been "laid off" and has not received income from any other sources in the past 12 months. (Mot. 1). Plaintiff further states she has no money in cash or in a checking or savings account. (*See id.* 2).

Notwithstanding the lack of income, Plaintiff estimates she somehow makes $2,500 in regular monthly payments. (*See id.* 2). Plaintiff's Complaint alleges that she paid "significant sums" to purchase a puppy, but it does not explain how she was able to obtain financing to pay those sums without any income. (Compl. ¶ 16).

Plaintiff does not explain how she is able to make the payments described in her Motion and Complaint. Further, Plaintiff does not explain how she is able to feed, clothe, and otherwise support herself without any income. Clearly, Plaintiff has sources of income and expenses she has not disclosed in the Motion. For these reasons, the Motion must be denied without prejudice. Although Plaintiff is not being given leave to proceed *in forma pauperis* at this time, the Court nevertheless reviews the sufficiency of her pleading.

## II. Complaint

Because Plaintiff has not paid the required filing fee, the screening provisions of 28 U.S.C. section 1915(e) apply. Under that statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2) (alterations added). Upon initial screening, the Court finds Plaintiff's Complaint must be dismissed because (1) it violates the Federal Rules of Civil Procedure; and (2) fails to show the Court has subject matter jurisdiction.

***Federal Pleading Standards***. "[A] district court does, and indeed must, have the power to control and direct the cases on its docket." *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981) (alteration added; citations omitted). This authority includes the inherent power to dismiss a case. *See id.* And it includes the power to dismiss a case *sua sponte* when the plaintiff fails to comply with procedural rules. *See Hanna v. Florida*, 599 F. App'x 362, 363 (11th Cir. 2015) (citing Fed. R. Civ. P. 41(b); other citations omitted); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 48–49 (1991)).

Courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018)

(citation omitted). Still, a *pro se* party must abide by Federal Rule of Civil Procedure 8(a)(2), which requires that a pleading contain a "short and plain statement of the claim" showing the pleader is entitled to relief. *Id.*; *see Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). Under Rule 8(a)(2), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must "give the defendant[s] fair notice of what the claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (alteration adopted; other alterations added; citation and quotation marks omitted).

"A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov*, 986 F.3d at 1324 (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)). There are several types of shotgun complaints.

A first relevant type of shotgun complaint is one that suffers from "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322 (footnote call number omitted). A second type fails to "separat[e] into a different count each cause of action or claim for relief." *Id.* at 1323 (alteration added; footnote call number omitted). A third type "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* (alteration added; footnote call number omitted). The Complaint satisfies the definitions of these three types of shotgun complaints and consequently compels entry of an order of dismissal.

To begin, the Complaint does not contain any counts and does not otherwise identify any cause of action, let alone connect a cause of action to a particular Defendant. Throughout the

Complaint, Plaintiff references various allegedly illegal practices but does not cite any law or statute. For example, the Complaint asserts that "World Famous Puppies, Inc. used fraudulent, deceptive and misleading representations to entire [sic] [Plaintiff] into signing the purchase agreement[,]" but it does not explain what law this purported claim is brought under. (Compl. ¶ 27 (alterations added)). Without knowing what law(s) they have supposedly violated, Defendants cannot properly defend against the shotgun Complaint. *See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (explaining that shotgun pleadings make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" (citation omitted)).

In addition, it is entirely unclear what American First Finance's role in this case is. According to Plaintiff, "Defendants have orchestrated and executed a scheme to defraud [her] and other consumers by selling puppies with known illnesses." (Compl. ¶ 14 (alteration added)). But the only specific allegation as to America First Finance is that it "financed" "the initial purchase price of the sick puppy which was in the amount of $4,279.99." (*Id.* ¶ 7). This allegation is vague and not obviously connected to any particular cause of action. *See Weiland* 792 F.3d at 1322. Without further explanation of America First Finance's role — or what law it has allegedly violated — America First Finance cannot defend against the Complaint. *See id.* at 1323 ("[T]here is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." (alteration added; footnote call number omitted) (alteration added)).

"[S]hotgun pleadings are routinely condemned by the Eleventh Circuit." *Real Estate Mortg. Network, Inc. v. Cadrecha*, No. 8:11-cv-474, 2011 WL 2881928, at *2 (M.D. Fla. July 19, 2011) (alteration added; citing *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991)); *see also*

4

*Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) ("Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." (citation omitted)). For this reason, the Complaint is dismissed without prejudice.

*Subject Matter Jurisdiction*. In addition to being a shotgun pleading that fails to state any claim for relief, the Complaint also fails to adequately allege a basis for federal subject matter jurisdiction. "The plaintiff must adequately allege a basis for federal jurisdiction by including 'a short and plain statement of the grounds for the court's jurisdiction' in the complaint." *Welch v. Atmore Cmty. Hosp.*, 704 F. App'x 813, 816 (11th Cir. 2017) (quoting Fed. R. Civ. P. 8(a)(1)). This is because federal courts are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quotation marks and citation omitted). Indeed, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410.

The power of a lower federal court may arise in one of three ways: (1) a specific statutory grant; (2) federal question jurisdiction under 28 U.S.C. section 1331; or (3) diversity jurisdiction under 28 U.S.C. section 1332(a). *See Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997) (citation omitted). "Federal-question jurisdiction exists if the cause of action arises from the Constitution, laws, or treaties of the United States." *McQueary v. Child Support Enf't*, 812 F. App'x 911, 913 (11th Cir. 2020) (citing 28 U.S.C. § 1331). Diversity jurisdiction exists when a plaintiff and a defendant are citizens of different states, and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a).

The Complaint does not attempt to explain what type of jurisdiction the Court has over this case; it merely states: "This court has Jurisdiction [sic] over this matter." (Compl. ¶ 29 (alteration added)). But a review of the Complaint reveals that diversity jurisdiction does not exist because Plaintiff and World Famous Puppies are Florida residents. (*See id.* ¶¶ 19–20); *see Flintlock Constr. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." (quotation marks and citation omitted)). Further, the Court cannot determine whether there is federal question jurisdiction or a specific statutory grant because — as explained — Plaintiff does not cite any federal law or statute, or include factual allegations that reveal what federal law might be at issue. Consequently, there appears to be no basis for the Court's jurisdiction over this case.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff, Empryss Janya Hunt's Complaint **[ECF No. 1]** is **DISMISSED without prejudice**.

2. Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs **[ECF No. 3]**, which the Court construes as a Motion for Leave to Proceed *In Forma Pauperis*, is **DENIED without prejudice**.

3. While ordinarily a plaintiff should be given leave to cure a shotgun complaint and the opportunity to explain the Court's subject matter jurisdiction, because Plaintiff has not shown she is entitled to proceed without prepaying the filing fee, the Clerk is directed to **CLOSE** the case. Should Plaintiff wish to pursue her claim or claims once more in federal court, *in forma pauperis*, she must file a sufficient application and a complaint that cures the deficiencies described in this Order.

CASE NO. 21-24286-CIV-ALTONAGA

**DONE AND ORDERED** in Miami, Florida, this 9th day of December, 2021.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:     Plaintiff